Nicholson, C. J.,
delivered the opinion of the court.
It appears from the record that Gillespie commenced a suit by attachment against Eddings, to remover some amount for rent,' and that the sheriff levied the attachment on various articles of personal property, such as corn, cotton, &c.
While the property, so attached, was in the hands of the sheriff, the parties, by their attorneys, agreed that he should turn over all of it to the clerk of , the circuit court at Bartlett, to be sold by him, and the proceeds kept to await the result of the suit.
But soon afterward, the parties, by their attorneys, signed an agreement, by which it was agreed that Eddings should pay to Gillespie $160, and that each party should pay one-half of the costs: — this to be a •full and complete settlement of all accounts and debts of every description between the parties, arising out -of this suit or otherwise.
This agreement was signed by the attorneys of the parties.
The defendant, by tus attorney, moved the court to set aside the compromise made in this case, before the minutes were signed for the day on which the agreement was entered, which motion was overruled by the court, because the agreement or compromise being voluntary, and made without any provision that it should be made the judgment of the court, was a *550 voluntary withdrawal of the suit from the jurisdiction of the court.
The motion was supported by the affidavit of Ed-dings, to the effect that Gillespie had violated the agreement of compromise, by withdrawing the amount of $160, agreed to be paid him, from the hands of the clerk, the same being the proceeds -of the property sold, and had failed to account for the proceeds of one bale of cotton of the property attached, which were received by Gillespie.
He asks that, for this violation of the agreement of compromise, the same be set aside before the minutes are signed, making said compromise the judgment of the court.
The question is, whether this agreement was such-a withdrawal of the matters in litigation from the court as to operate as a discontinuance of the suit.
How the paper got into court, or upon the- minutes, does not appear. There is nothing on the face-of it showing that it was intended to be made a part of the record, or the -judgment of the court. It purports to be a final settlement made by the attorneys, fixing the amount to be paid by Eddings to-Gillespie, and dividing the costs.
This has all the appearance of an agreement made outside of the court, to arbitrate the matters in litigation ; and which, upon the well-settled rule in such, cases, operated as a discontinuance of the suit.
No complaint is made in the affidavit that the-compromise does not contain correctly the terms of settlement.
*551 The complaint is, that Gillespie has received the amount agreed to he paid him from the clerk, but is liable to account for a bale of cotton which he received before the property went into the clerk’s hands.
This does not affect the agreement of compromise: if true, it constitutes a liability which Eddings can enforce by separate action.
The Judge having held correctly that the case was out of court, all the subsequent proceedings were nul-lities, and need not be noticed.
The judgment is affirmed.